IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CHARLES HASSELMANN<br><br>PLAINTIFF<br><br>V.<br><br>CITY OF ANKENY, DARIUS POTTS, ERIK SCHAEFFER, AND KEITH MOELLER.<br><br>DEFENDANTS | RECEIVED<br>FEB 1 3 2024<br>CLERK U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA<br><br>CIVIL COMPLAINT WITH<br>JURY DEMAND |

# I

## INTRODUCTION

This is a civil rights action filed by Charles Hasselmann, for damages under 42U.S.C § 1983, alleging an unlawful seizure in violation of the Fourth Amendment to the United States Constitution, the denial of notice and opportunity to contests the seizures, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and a deliberate in difference to those rights under the Eight Amendment to the United States Constitution. Plaintiff also alleges the torts of False Arrest, Malicious Prosecution, Conversion, and Negligence.

# II

## JURISDICTION

1. The Court has jurisdiction over the Plaintiff claims of the violation of federal constitutional rights under 42 U.S.C § 1331(1) and 1342.

2. The Court has supplemental jurisdiction over the Plaintiff state law tort claims under 28 U.S.C § 1367.

**Parties**

3. The Plaintiff, Charles Hasselmann, is currently incarcerated in the Polk County Jail in Polk County, Iowa at 1985 NE 51st Place, Des Moines, Iowa 50313. Plaintiff was the arrestee and registered owner of the vehicle as set forth herein below.

4. Defendant, City of Ankeny, is an Iowa Municipal Corporation. ("City" hereinafter)

5. Defendant, Erik Schaeffer, is a Police officer, in Ankeny, Iowa, employed by the City, and is being sued in both his individual and official capacities.

6. Defendant, Keith Moeller, is a supervisor within the records department of the Ankeny Police Department, employed by the City, and is being sued in both his individual and official capacities.

7. Defendant, Darius Potts, is the Chief of Police of the Ankeny Police Department, employed by the City, and is being sued in his Official capacity.

8. All of the Defendants as captioned above, (collectively, "Defendants" hereinafter) have acted, and continue to act, under the color of the state laws of Iowa, and are relevant to the events set forth herein.

III

**STATEMENT OF FACTS**

9. On, or around March 24th 2022, Plaintiff vehicle struck some unleveled gravel in the parking lot of Good Times, a local bar in Ankeny, Iowa, causing damage to the vehicles front bumper.

10. Shortly thereafter, several nearby officers, including Defendant Schaeffer, arrived at the scene, inquiring about the damage.

11. Plaintiff explained that no one was injured, that the damage was particularly minor, and that tow services were currently enroute to take the vehicle to his parents that lived less than a mile or two away to avoid any further damage to the vehicle.

12. Additionally, Plaintiff provided Defendant Schaeffer with both his identification and registration to the vehicle.

*False Arrest*

13. At all times, Plaintiff was with the vehicle throughout the incident, and possessed and provided all statutory information required in the event of a property damage accident.

14. Nonetheless, quizzically, Defendant Schaeffer proceeded to charge and arrest the Plaintiff, without a warrant, for Leaving the Scene of an Accident, in violation of Iowa Code § 321.262. A copy of the charging complaint is hereto attached as Exhibit No. 1

15. Contrarily, Plaintiff had committed no public offense and Defendants had no reasonable grounds to suppose that the Plaintiff had.

*Unlawful Seizure*

16. Despite Plaintiff arrangements to have his vehicle towed by means of his own, the vehicle being lawfully parked in the Good Times parking lot—absent of causing any issues to the public, and Defendant Schaeffer being aware of such, Defendant Schaeffer deliberately neglected those arrangements, insisting on impounding the vehicle instead.

17. At this point, several bystanders—some of whom the Plaintiff knew, including a friend the Plaintiff arrived with, all offered to simply drive the vehicle to Plaintiff parents merely to avoid the impoundment.

*Negligence*

Unpersauded, Defendant Schaeffer had the vehicle impounded, neglecting to advise or provide Plaintiff with any alternatives to the impoundment and did so without the Plaintiff consent.

18. Moreover, Defendant Schaeffer did not advise or permit Plaintiff to retrieve any of his belongings from the vehicle.

19. After being released from jail later that same morning, Plaintiff made several phone calls to the Ankeny police Department in efforts to procure his vehicle. In doing so, Plaintiff was advised he needed to first contact Defendant Erik Schaeffer, as Schaeffer placed a "hold" on the vehicles release, despite there being no cause to place such hold.

20. Plaintiff left several voicemails with Defendant Schaeffer, with respect to having his vehicle released but no response from this Defendant was ever provided.

21. As several weeks passed with no success in reaching Defendant Schaeffer, Plaintiff requested to speak with a supervisor in hopes of getting assistance regarding the respective hold and ultimately getting his vehicle released.

22. Plaintiff was then connected with Defendant Moeller at the Ankeny Police Department.

23. Upon Speaking with Defendant Moeller, Plaintiff conveyed concerns with the hold placed on the vehicle as it was never implicated in any actual crime other than the minor traffic ticket.

24. Defendant Moeller declined in providing any assistance beyond stating Plaintiff, again needed to reach out to the arresting officer—Defendant Schaeffer.

*Negligence and Denial of Due Process*

25. As such, despite being on notice of the deprivation of Plaintiffs property, Defendant Moeller made no attempt to intervene or assist the Plaintiff from further harm as a result of the deprivation.

26. Eventually, after the matter from which the vehicle was impounded, proceeded to trial, the Court dismissed the charge of leaving the scene, finding Plaintiff not guilty. *See* Exhibit No. 2

27. Upon promptly bringing the Courts Disposition, a copy of which is hereto attached as Exhibit No. 2—affirmatively precluding any reason to "hold" the vehicle—to the attention of Defendant Moeller, Plaintiff had learned that the Department had already sold the vehicle.

28. Despite Defendants, Moeller and Schaeffer, being aware of Plaintiff attempts to retrieve his vehicle— either meeting with him in the Court room at the aforementioned trial, possessing his phone number, email address, and physical address—Plaintiff received no notice of any actions that would allow for the selling of his vehicle without his consent.

29. That as a direct and proximate result of the Defendants conduct, Plaintiff as sustained damages, including, but not limited to:

    a. Plaintiff was unable to retrieve several items of significant value that was kept in the vehicle when Defendant Schaeffer was unwilling to allow Plaintiff to retrieve such items.

    b. Plaintiff has had difficulties in transportation to purposes related to his employment resulting in a significant loss of wages.

    c. Plaintiff has had to drop several college courses due to the difficulties in transportation resulting in Plaintiff defaulting on student loans, losing out on other significant financial and other resources, which would generally enable him to more efficiently attend to his college affairs.

## IV
## CLAIMS FOR RELIEF

**Count I** – Unlawful Seizure and False Arrest

30. The actions of Defendant Schaeffer, in arresting the Plaintiff without evidence suggesting an actual crime occurred, is constituted as an Unlawful Seizure under the Forth Amendment to the United States Constitution and the tort of False Arrest under the laws of Iowa

**Count II** – Malicious Prosecution

31. In instigating the foregoing prosecution, without cause, and with a deliberate indifference to Plaintiff rights—resulting in the false arrest and deprivation of his property, and the termination of that prosecution being adjudicated in favor of the Plaintiff, constitutes the tort of Malicious Prosecution under the laws of Iowa.

**Count IV** – Deliberate indifference (Municipal Liability)

32. Due to the insouciant conduct by the officers at the scene of the crime—particularly Defendant Schaeffer, and Moeller, in their initial and continued deprival of the Plaintiff possessory interests, illiterates a permitting authority, policy or custom; purportedly adopted by not just officers, but supervisory officials within the Ankeny Police Department as well. Because such conduct opposes certain principles of Procedural Due Process under the Fifth and Fourteenth Amendments, and allows for further deprivations of an individual's rights, there poses a clear failure to train and supervise officers in this respect, and thus the City should be liable for the actions of their respective employees—Defendants Moeller and Schaeffer.
Darius Potts is liable in his official duties to supervise the foregoing officers, ensuring such conduct does not occur. Due to the length of the deprivation the Plaintiffs vehicle, in addition to Plaintiffs multiple requests for information to Defendant Moeller, a supervisor whose duties must require making record of such complaints—complaints of which was never reviewed by the Department or overlooked by such. Consistently,

under both the failure to supervise and train as regarded under the municipal liability herein, given Defendant Potts position to oversee the overall proper function of the Ankeny Police Department, Defendant Potts should be liable in his failure to do so which resulted in Plaintiffs rights being violated.

**Count V – Deliberate indifference**

33. Defendants Moeller and Schaeffer should have known of the substantial risks of serious harm by maintaining the Plaintiff vehicle and its disposal thereof, but chose to wrongly disregard those risks; or alternatively, Defendants Moeller and Schaeffer, were deliberately indifferent to affording the Plaintiff his rights in the course of these deprivations in violation of his Eighth Amendment which resulted in the foregoing harm to the plaintiff.

**Count VI – Negligence**

34. The actions of Defendant Schaeffer in impounding the vehicle, without cause and failing to, disclose, determine, or comply with reasonable alternates to the impoundment, equates to the tort of Negligence under the laws of Iowa.

**Count VII – Conversion**

Plaintiff was the rightful owner of the property as described herein; that after the Defendants Moeller and Schaeffer acquired possession of the property, Plaintiff demanded its return; Defendants Moeller and Schaeffer, not only failed to permit the return of Plaintiff property but converted the property as their own by selling the property without the authority to do so. The sell was wrongful and constitutes the tort of Conversion under the laws of Iowa

V

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Award compensatory damages in the following amounts:
   a. $75,000 jointly and severally against Defendants to replace the vehicle and the items therein, that they unlawful deprived and disposed of; and the pecuniary and amenity losses Plaintiff sustained as a result of the deprivations.
   b. $10,000 against Defendant Schaeffer in connection to the False arrest and the deprivation of the Plaintiffs liberty therein.

B. Award punitive damages in the following amounts:
   a. $5000 against Defendant Schaeffer
   b. $3500 against Defendant Moeller
   c. $3000 against the City of Ankeny
   d. $3000 against the Defendant Potts

C. Any other relief this Court deems Plaintiff is entitled to.

February 8th 2024

Respectfully Submitted,

*[signature]*

**Charles Hasselmann- 706861**

Polk County Jail

1985 NE 51th Place

Des Moines, Iowa 50313

IN THE IOWA DISTRICT COURT IN AND FOR
POLK COUNTY

| This Complaint and Affidavit is to be: | |
|---|---|
| ☐ Filed with Court Clerk (cc: CA) | Agency Form Number: 22-001419 |
| ☒ Submitted to County Attorney | Arrest Date: 03/23/2022 |
| ☐ Filed with JCO - Defendant is a Juvenile | |

## THE STATE OF IOWA
vs.

### OFFENDER

| Last | First | Middle | Suffix |
|---|---|---|---|
| HASSELMANN | CHARLES | JONAS | |

| Address | City | State | Zip Code |
|---|---|---|---|
| 1001 CHERRY ST APT 103 | DES MOINES | IA | 50309 |

| DL# | State | DL Class | DL Endorsements | DL Restrictions |
|---|---|---|---|---|
| [redacted] | IA | | | |

| Date of Birth | Gender | Race | Ethnicity |
|---|---|---|---|
| [redacted] | MALE | BLACK - B | NOT OF HISPANIC ORIGIN - N |

| Height | Weight | Eye Color | Hair Color |
|---|---|---|---|
| 5' 07" | 155 LBS | BROWN - BRO | BLACK - BLK |

### VEHICLE

| Year | Make | Model | Color |
|---|---|---|---|
| 2010 | BMW - BMW | 328 | WHI |

| VIN | CDL Req? | Pass End Req? | HazMat End Req? | Style |
|---|---|---|---|---|
| WBAPH7G59ANM48241 | NO | | | SD |

| Plate/Registration # | State | Year | US DOT Number | ICC/MC # |
|---|---|---|---|---|
| PC01844 | IA | 2021 | | |

### OFFENSE

| State | County | Local | Code Section | Crime Description | Speed | in | Zone |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | 321.262 | LEAVE SCENE OF ACCIDENT - PROPERTY DAMAGE ONLY | | | |

| Class | Serious P.I. | Fatal Accident | Civil Damage Assessment | Other |
|---|---|---|---|---|
| SCHT | ☐ | ☐ | ☐ | ☒ |

| Location Type |
|---|
| 19 - RENTAL STORAGE FACILITY |

| Literal Description |
|---|
| 1906 SW 3RD ST |

| Address | City | State | Zip Code |
|---|---|---|---|
| 1906 SW 3RD ST | ANKENY | IA | 50023 |

| Is Date and Time of Incident Known? | Incident Date or Low Range | Upper Date Range | Incident Time or Low Range | Upper Time Range |
|---|---|---|---|---|
| YES | 03/23/2022 | | 23:33 | |

### STATUS OF OFFENDER/JUVENILE

| ☒ TAKEN INTO CUSTODY | CUSTODY 1 - JAILED | ☐ SUMMONS TO APPEAR (Citation Issued) |
|---|---|---|
| ☐ WARRANT REQUESTED | ☐ NO CONTACT ORDER REQUESTED | ☐ RELEASED TO PARENT/GUARDIAN |

### NARRATIVE

Narrative of Offense Committed
On or about the above stated date and time, the Defendant did
fail to stop at scene of accident following involvement in an accident resulting in property damage to vehicle



| inted At  ANKENY POLICE DEPARTMENT | 3/24/2022 | 3:05 AM | Page 1 of 2 | Form #: 22-001419 |
|---|---|---|---|---|

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| STATE OF IOWA | 05771 NTA1056663 |
| VS. | ORDER |
| CHARLES JONAS HASSELMANN | |

Defendant is found NOT GUILTY. Case is dismissed WITH prejudice with costs to State.
 **IT IS SO ORDERED ON THIS DAY 08/25/22.**
Copies to:

CHARLES JONAS HASSELMANN
1390 NW 18TH ST
ANKENY IA  50023

STATE OF IOWA
1111 E COURT AVENUE
DES MOINES IA  50319
LARRY JOSEPH HANDLEY
NORTHPOINTE PROFESSIONAL PARK
2575 NORTH ANKENY BLVD STE 221
ANKENY IA  50023



State of Iowa Courts

**Case Number**  
NTA1056663  
**Type:**

**Case Title**  
STATE VS CHARLES JONAS HASSELMANN  
ORDER OF DISPOSITION

So Ordered

Jeffrey M. Lipman, Magistrate,  
Fifth Judicial District of Iowa

Electronically signed on 2022-08-25 14:27:36

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CHARLES HASSELMANN<br><br>    PLAINTIFF<br><br>V.<br><br>CITY OF ANKENY, DARIUS POTTS, ERIK SCHAEFFER, AND KEITH MOELLER.<br><br>    DEFENDANTS | SUMMONS |

To: CITY OF ANKENY

You are hereby summoned and required to serve upon Plaintiff Charles Hasselmann, whose address is 1985 NE 51st Place, Des Moines, Iowa 50313, an answer to the complaint that is herewith severed upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

CLERK OF COURT

Dated:

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CHARLES HASSELMANN<br><br>PLAINTIFF<br><br>V.<br><br>CITY OF ANKENY, DARIUS POTTS, ERIK SCHAEFFER, AND KEITH MOELLER.<br><br>DEFENDANTS | SUMMONS |

To: ERIK SCHAEFFER

You are hereby summoned and required to serve upon Plaintiff Charles Hasselmann, whose address is 1985 NE 51st Place, Des Moines, Iowa 50313, an answer to the complaint that is herewith severed upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

CLERK OF COURT

Dated:

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

CHARLES HASSELMANN

    PLAINTIFF

V.

CITY OF ANKENY, DARIUS POTTS, ERIK SCHAEFFER, AND KEITH MOELLER.

    DEFENDANTS

SUMMONS

To: DARIUS POTTS

You are hereby summoned and required to serve upon Plaintiff Charles Hasselmann, whose address is 1985 NE 51st Place, Des Moines, Iowa 50313, an answer to the complaint that is herewith severed upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

CLERK OF COURT

Dated:

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CHARLES HASSELMANN<br><br>　　PLAINTIFF<br><br>V.<br><br>CITY OF ANKENY, DARIUS POTTS, ERIK SCHAEFFER, AND KEITH MOELLER.<br><br>　　DEFENDANTS | SUMMONS |

To: KEITH MOELLER

You are hereby summoned and required to serve upon Plaintiff Charles Hasselmann, whose address is 1985 NE 51st Place, Des Moines, Iowa 50313, an answer to the complaint that is herewith severed upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

CLERK OF COURT

Dated:

Case 4:24-cv-00058-RGE-SBJ   Document 1   Filed 02/13/24   Page 16 of 16

